IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 10-cv-02152-MSK-CBS

BELFOUR USA GROUP, INC.,

    Plaintiff,

v.

JUDITH P. FOX;
DEBORAH T. OWEN;
CRAIG PLAMP;
FRANCES KASH POOL;
FULL SPECTRUM LIGHTING, INC.;
ROCKY MOUNTAIN MORTGAGE SPECIALISTS;
WASHINGTON MUTUAL BANK FA;
UNITED MORTGAGE LENDERS, INC.;
TCF NATIONAL BANK;
U.S. BANK NATIONAL ASSOCIATION;
PUBLIC TRUSTEE OF THE CITY AND COUNTY OF DENVER; and
ONE THOUSAND SOUTH MONACO CONDOMINIUM ASSOCIATION,

    Defendant.

ONE THOUSAND SOUTH MONACO CONDOMINIUM ASSOCIATION,

    Counterclaim Plaintiff/Third Party Plaintiff,

v.

PHILADELPHIA INDEMNITY INSURANCE COMPANY,

    Third Party Defendant.

## ORDER GRANTING MOTION TO DISMISS CLAIMS AGAINST DEFENDANT WELLS FARGO BANK, N.A. WITHOUT PREJUDICE

THIS MATTER comes before the Court on the Stipulation to Lien Priority and Motion for Dismissal of Defendant Wells Fargo Bank, N.A. Without Prejudice (Motion) **(#55)**. Having reviewed the Motion,

**IT IS ORDERED** that the Motion is **GRANTED**.  The parties have stipulated that:

a.  Wells Fargo is the beneficiary of a duly recorded, valid, and enforceable Deed of Trust dated May 5, 1998 and recorded with the Office of the Denver County Clerk and Recorder ("Clerk and Recorder") on May 8, 1998 at Reception No. 9800070439 ("Deed of Trust").

b.  The Deed of Trust secures the Note with real property ("Property") having the street address of 1050 S Monaco Pkwy #42, Denver, Colorado 80224, and the following legal description:

> CONDOMINUM UNIT NO 42, ONE THOUSAND SOUTH MONACO, FILING NO. 2 ACCORDING TO THE CONDOMINUM PLAT RECORDED JULY 30, 1973 IN CONDOMINUM PLAT BOOK 3 AT PAGE 5, AND THE CONDOMINUM DECLARATION FOR ONE THOUSAND SOUTH MONACO, RECORDED FEBRUARY 27, 1973 IN BOOK 649 AT PAGE 240, CITY AND COUNTY OF DENVER, STATE OF COLORADO

c.  The Deed of Trust is senior and prior to the Statement of Lien that Belfor USA Group, Inc. recorded on February 12, 2010 in the Denver County Clerk and Recorder's Office at Reception No. 2010016954.

d.  Any foreclosure action initiated by Belfor to enforce its mechanics lien shall be from a position junior to the Deed of Trust and shall be subject to the priority and rights of the Deed of Trust.

e.  Any decree of foreclosure Belfor seeks in this matter shall not affect the validity of, or the priority of, the Deed of Trust.

The parties have requested dismissal of claims against Wells Fargo (and dismissal of Wells Fargo) without prejudice, as well as entry of an Order incorporating the terms of their stipulation.  This is unusual given that the claim asserted against Wells Fargo is *in rem*, seeking only a determination of the nature, scope and priority of its lien in conjunction with foreclosure,

which is resolved by the stipulation. The Court has some concern that the requested forms of relief are inconsistent or likely to lead to confusion. However, deferring to counsels' judgment, all claims against Wells Fargo are DISMISSED WITHOUT PREJUDICE.

DATED this 7th day of December, 2010.

BY THE COURT:

Marcia S. Krieger
United States District Judge