IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02152-MSK-CBS

BELFOR USA GROUP, INC.,
    Plaintiff,
v.

JUDITH P. FOX;
DEBORAH T. OWEN;
CRAIG PLAMP;
FRANCES KASH POOL;
FULL SPECTRUM LIGHTING, INC.;
PUBLIC TRUSTEE OF THE CITY AND COUNTY OF DENVER; and
ONE THOUSAND SOUTH MONACO CONDOMINIUM ASSOCIATION
    Defendants,

ONE THOUSAND SOUTH MONACO CONDOMINIUM ASSOCIATION
    Counterclaim Plaintiff/Third Party Plaintiff,
v.

PHILADELPHIA INDEMNITY INSURANCE COMPANY,
    Third Party Defendant.[1]

---

## RECOMMENDATION OF UNITED STATE MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on One Thousand South Monaco Condominium Association's ("Association") "Motion to Remand to State Court Pursuant to 28 U.S.C. § 1447(c)" (filed September 22, 2010) (Doc. # 31). Pursuant to the memorandum dated December 7, 2010 (Doc. # 56), this matter was referred to the Magistrate Judge. The court has reviewed the Motion, Philadelphia Indemnity

---

[1]    The following parties were dismissed: WELLS FARGO BANK, N.A.; ROCKY MOUNTAIN MORTGAGE SPECIALISTS; WASHINGTON MUTUAL BANK, FA; UNITED MORTGAGE LENDERS, INC.; TCF NATIONAL BANK; U.S. BANK NATIONAL ASSOCIATION. (See Docs. # 62 and # 57).

1

Insurance Company's ("PIIC") Response (filed October 13, 2010) (Doc. # 34), the Association's Reply (filed October 27, 2010) (Doc. # 38), the pleadings, the entire case file, and the applicable law, and is sufficiently advised in the premises.

I.      Statement of the Case

This civil action arises from a fire that occurred on August 1, 2008 at 1000 S. Monaco, Denver, Colorado, 80224, units #42, #44, #123, and #125.  These adjacent units were at the time owned by Judith P. Fox, Frances Kash Pool, Craig Plamp, and Deborah T. Owen.  These units are part of the Association.  (Belfor's First Amended Complaint, ¶¶ 3-5 (Doc. #1-15)).  Belfor is in the business of restoration and reconstruction of residential and commercial property.  (Association's Answer and Counterclaims ¶ 6 (Doc. # 1-14)).  Belfor arrived at the scene the same day as the fire and offered to perform both emergency restoration and complete restoration of the fire damaged units.  (Doc. #1-14 ¶ 5).  Also on the day of the fire, the Association signed a long form work authorization for Belfor to begin work.  (Doc. #1-14 ¶ 8).  The Association holds an All Risk Commercial Lines Policy, including "UltimateCover Property Coverage," through PIIC and asserts the fire damage is a covered loss that occurred during the policy period.  (Association's Third Party Complaint Against PIIC ¶¶ 6 and 8 (Doc. # 1-6)).  The Association notified PIIC of the loss and submitted a claim. (Doc. # 1-6 ¶ 9).

Belfor claims it completed the work and filed mechanic's liens for the remaining $550,449.01 balance.  (Doc. # 1-15 ¶¶ 10 and 13).  Belfor filed its original Complaint on April 16, 2010 and First Amended Complaint on April 19, 2010 in Denver County District

Court asserting, *inter alia*, breach of contract claims and seeking foreclosure of its liens. (Doc. # 1-15).  The Association answered on August 16, 2010 and asserted counterclaims for breach of contract, negligence, and violation of the Colorado Mechanic's Lien Statute.  (Doc. # 1-14).   On the same day, the Association filed a Third Party Complaint against PIIC alleging breach of contract, unreasonable delay and denial of benefits, and bad faith, and seeking a declaratory judgment.  (Doc. # 1-6).

PIIC answered and filed its "Notice of Removal of Action" on September 2, 2010 (Doc. #1-1 and #1), citing 28 U.S.C. §§ 1332, 1441, and 1446 as grounds for removal.  The Association filed a "Motion to Remand to State Court Pursuant to 28 U.S.C. § 1447(c)" on September 22, 2010, claiming removal was improper.  (Doc. # 31).  PIIC filed its Response on October 13, 2010.  (Doc. #34).  The Association filed its Reply on October 27, 2010.  (Doc. #38).

II.     Analysis

A civil action is removable only if a plaintiff could have originally brought the action in federal court.  28 U.S.C. § 1441(a).  "This jurisdictional prerequisite to removal is an absolute, non-waivable requirement."  *Hunt v. Lamb*, 427 F.3d 725, 726 (10th Cir. 2005) (internal quotation marks and citation omitted).  A defendant seeking removal shall file in the district court a "notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal."  28 U.S.C. §1446(a).  As the party invoking federal jurisdiction, PIIC bears "the burden of proving that federal jurisdiction is proper." *Plog v. Colorado Assn. of Soil Conservation Districts*, 841 F. Supp 350, 351 (D. Colo. 1993).

Remand is authorized when there is a defect in the removal procedure and is required when the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "Moreover, there is a presumption against removal jurisdiction." *Laughlin v. Kmart Corp.* 50 F.3d 871, 873 (10th Cir. 1995). If there is ambiguity as to the propriety of removal, a court must adopt a "reasonable, narrow construction." *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1095 (10th Cir. 2005).

The Association moves pursuant to § 1447(c) for remand to Denver County District Court. The Association argues removal was improper under § 1441(a), (b), and (c), and that the court lacks subject matter jurisdiction. The Association alternatively asserts procedural defects warrant remand. In response, PIIC argues removal of the entire action was proper based on diversity between it and the Association. PIIC asserts this narrow application of diversity jurisdiction establishes original jurisdiction under § 1332 and, therefore, removal is permissible pursuant to § 1441(a). PIIC further argues the third-party action is "separate and independent" from the original action consistent with § 1441(c). Finally, PIIC contends it complied with the requirements of removal under § 1446(a).

1. Remand Required Based on Lack of Subject Matter Jurisdiction

To analyze whether PIIC's removal was proper, the court first must look to the removal statute, which provides, in part, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §

1441(a). "Section 1441(b) provides that when original federal jurisdiction is based on diversity of citizenship, the action is 'removable *only if* none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.' " *Feichko v. Denver & Rio Grande Western R.R.*, 213 F.3d 586, 588 n.3 (10th Cir. 2000) (emphasis added). By its very terms, § 1441(b) precludes removal in this case because the Association is a citizen of Colorado.

PIIC insists that because §§ 1332 and 1441(a) and (b) are satisfied in the third-party action, the entire case is removable. However, PIIC cites no authority allowing a court to disregard the lack of complete diversity in the original action. The court has analyzed the cases cited by PIIC to argue for third-party defendant removal based on diversity, but all are inapplicable or factually distinguishable.[2] The cases cited by either party do not specifically address the issue here: Whether a third-party defendant may properly remove the entire action based on diversity between it and the third-party plaintiff if there is no federal question presented and if complete diversity does not exist between the parties in the original action.

Section 1441(c) provides in part "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title and joined

---

[2] In *Caterpillar Inc. v. Lewis*, the Court determined that removal was improper because a defendant was a citizen of the same state as the plaintiff. 519 U.S. 61, 64 (1996). That case did not involve a third-party defendant seeking removal. Prior to the 1990 amendment, in *Ford Motor Credit Co., Inc. v. Aaron-Lincoln Mercury, Inc.* the court permitted removal of the third-party action under § 1441(c). 563 F. Supp. 1108, 1117 (N.D. Ill. 1983). *Patient Care, Inc. v. Freeman* involved a third-party defendant seeking removal under §1441(c) based upon assertion of a federal claim. 755 F. Supp. 644, 645-46 (D. N.J. 1991). Also in *First National Bank of Pulaski v. Curry*, third-party removal was based on federal question jurisdiction. 301 F.3d 456, 458 (6th Cir. 2002). In *Thompson v. Wheeler*, third-party removal jurisdiction was based upon 28 U.S.C. §§ 1442 and 2679. 898 F.2d 406, 408 (3rd Cir. 1990).

with one or more otherwise non-removable claims or causes of action, the entire case may be removed." This section previously included diversity jurisdiction as well, but was amended in 1990 to apply only to federal question claims. *Monmouth-Ocean Collection Serv., Inc. v. Klor*, 46 F. Supp. 2d 385, 395 (D. N.J. 1999). "No longer will *Section 1441(c)* removal be available in cases in which the sole basis of claimed federal jurisdiction is diversity of citizenship or any federal jurisdictional statute other than *Section 1331*." *Id.* (citing 16 Moore's Federal Practice, § 107.14[6][a] (3d ed. 1998)). As no party has indicated that any claim in this action arises under the original jurisdiction conferred by § 1331, § 1441(c) does not apply.

Even if removal were permissible under § 1441(a) or (c), this court would still need to address whether third-party defendants may remove. "Accepting the view of a majority of courts both within this circuit and nationwide, recognizing the Court's duty to narrowly construe removal statutes, avoiding the potential for inconsistent judgments and acting in the interest of judicial economy," the court found removal by a third-party defendant improper. *NCO Financial System, Inc. v. Yari*, 422 F. Supp. 2d 1237, 1240 (D. Colo. 2006). "[A]n appropriately strict construction of § 1441(a), which permits removal only 'by the defendant or the defendants,' places a third-party defendant outside the ambit of the removal statute." *Id.* at 1239, *citing Monmouth-Ocean*, 46 F. Supp. 2d at 391. Here, PIIC may not rely on § 1441(a) because it was not a defendant in the original action. Furthermore, "only claims joined by the plaintiff are 'joined with … [the] non-removable claims' within the meaning of § 1441(c)." *Id.* As the Association was not the original plaintiff, its claim against PIIC is not a removable claim under § 1441(c).

6

Policy considerations also militate against third-party removal.  "If removal could be predicated on a removable claim joined by a third-party defendant, a plaintiff could be forced 'to litigate in a federal court that he did not choose and to which his adversary originally could not be removed.' "  *Yari*, 422 F. Supp. 2d at 1239, citing *Klor*, 46 F. Supp. 2d at 391.  "Additionally, allowing removal of an entire suit based on a third-party claim would appear to expand the jurisdiction of federal courts in contravention of the statutory limits on the right of removal."  *Id.* (internal citations omitted).  "In interpreting the statutory language, we are mindful that the statutes conferring removal jurisdiction are to be construed strictly because removal jurisdiction encroaches on a state court's jurisdiction."  *First National Bank of Pulaski*, 301 F.3d at 462.  This consideration is especially compelling here because every cause of action is based in state law.

2.     Remand Recommended Based on Procedural Defects

Procedural defects in the removal process may also be a basis for remand.  28 U.S.C. § 1447(c) (motion to remand may also be made "on the basis of any defect other than lack of subject matter jurisdiction").  The Association argues PIIC failed to specify what provision of § 1441 it relied on for removal and failed to cite any case law or legal authority suggesting a third-party defendant may remove a case based on diversity jurisdiction.  The Association argues these failures constitute procedural defects.  PIIC asserts that it complied with the requirements of § 1446 by referencing § 1332 and identifying citizenship of the Association and PIIC and the amount in controversy in its Notice of Removal.  In its Reply, the Association also asserts PIIC's reliance on the civil

cover sheet for the amount in controversy is impermissible, and constitutes another procedural defect.

PIIC's Notice of Removal does not explain, even in a "short and plain statement of the grounds for removal," how this federal court has subject matter jurisdiction. The Notice only generally refers to §§ 1332, 1441, and 1446. Regarding the amount in controversy, "[t]he burden is on the party requesting removal to set forth, in the notice of removal itself, the '*underlying facts* supporting [the] assertion that the amount in controversy' " is satisfied. *Laughlin v. Kmart*, 50 F.3d at 873 (citations omitted). Reliance on the civil cover sheet alone is insufficient. *Baker v. Sears Holding Corp.*, 557 F. Supp. 2d 1208, 1215 (D. Colo. 2007). PIIC's removal failed to specify the basis for satisfying the amount in controversy and referenced only the Association's civil cover sheet.[3] For this reason also, the court recommends remand.

3.     The Association's Request for Fees and Costs

The Association seeks attorney fees and costs pursuant to § 1447(c), which provides: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The district court has discretion when considering whether to award costs and expenses. *TIC-The Industrial Company v. Liberty Mutual Insurance Company*, 2009 WL 1796071,

---

[3]     The court is tasked with deciphering the amount in controversy. PIIC asserts in its Response, with no supporting details, "It is undisputed that the Association's stated claims against Philadelphia entail an amount in controversy in excess of $75,000." (Doc. #34, p. 3). The Association specifies no dollar amount in its claims for relief against PIIC but seeks "payment of the claims" and "twice the covered benefit." The amount in controversy between Belfor and the Association is in excess of $75,000, but this does not necessarily mean the disputed claims between the Association and PIIC implicate the same amount.

*7 (D. Colo. 2009) (citations omitted). "[T]he analysis that focuses on the propriety of the removal asks whether the removing party had a legitimate, fair, or objectively reasonable basis for removing the case." *Id.*

Under § 1446(a), a notice of removal must comply with Fed. R. Civ. P. 11, which requires an attorney to certify that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). Here, PIIC failed to articulate even a "short and plain statement" of its grounds for removal. Given that § 1441 provides no grounds for third-party removal based on diversity only in the third party action, PIIC did not have an objectively reasonable basis for filing its Notice of Removal. PIIC disregarded legal precedent in this jurisdiction, ignored the 1990 amendment to § 1441(c), and cited no case law in any jurisdiction that supports its position. Furthermore, PIIC did not articulate any argument to modify existing law or establish new law. PIIC caused the Association undue complications, time, and expenses by requiring them to respond to its improper removal notice.

While not discounting the foregoing considerations, this court is not recommending an award of fees and costs. This litigation has been particularly contentious and has involved significant motion practice. I fear that an award of fees and costs against PIIC will only generate more motions and result in additional expenditures of time and money. I will opt, instead, for expeditious resolution.

Accordingly, IT IS RECOMMENDED that:

1.      The Association's "Motion to Remand to State Court Pursuant to 28 U.S.C. § 1447(c)" (filed September 22, 2010) (Doc. # 31) be GRANTED based on the district court's lack of subject matter jurisdiction and defects in the removal procedure, this civil action be REMANDED to the Denver County District Court, and a certified copy of the order of remand be mailed by the Clerk of the Court to the Clerk of the Denver County District Court.  See 28 U.S.C. § 1447(c).

2.      The Association's request for costs and actual expenses pursuant to 28 U.S.C. § 1447(d) be deferred for the District Judge's consideration.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  In re Griego, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for de novo review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar de novo review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal

from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

      DATED at Denver, Colorado, this 9th day of March, 2011.

                                      BY THE COURT:

                                        /s/Craig B. Shaffer
                                      United States Magistrate Judge